1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SYNDEE HENDRICKS,                          No.  2:19-cv-02334-KJM-AC

12              Plaintiff,

13       v.                                     ORDER

14   HUNTS & HENRIQUES and
     SYNCHRONY BANK,
15
                Defendants.
16

17

18           Defendant Hunt & Henriques ("H&H") moves for summary judgment and

19   sanctions.  Mot. Summ. J. ("MSJ"), ECF No. 13; Mot. Sanctions, ECF No. 19.  Plaintiff Syndee

20   Hendricks ("Hendricks") withdrew her opposition to the MSJ and filed a statement of non-

21   opposition.  Not. Withdrawal of Opp'n, ECF No. 31.  Hendricks opposes the motion for

22   sanctions, however.  Opp'n to Sanctions, ECF No. 21.  H&H replied to both motions.  MSJ

23   Reply, ECF No. 24; Sanctions Reply, ECF No. 25.  H&H filed a notice of supplemental authority

24   on its motion for sanctions.  Not. Suppl. Authorities, ECF No. 33.  Plaintiff's counsel filed a

25   declaration in opposition to the motion for sanctions after the initial filing, ECF No. 34, and

26   defendant objected it was an unpermitted surreply.  ECF No. 35.[1]

27   _____

[1] While the court did not authorize further briefing, it has considered the supplemental filings,
28   finding no material effect on the outcome and therefore no prejudice to either side.

                                            1

The court submitted the matter on the papers after receiving plaintiff's non-opposition to the motion for summary judgment.  Having reviewed the moving papers, and the applicable law, the court GRANTS the motion for summary judgment and DENIES the motion for sanctions.

I.     BACKGROUND

This action arises under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code section 1788.  Compl., ECF No. 1, ¶¶ 1.1–1.2.  Plaintiff was issued a credit card by defendant Synchrony Bank ("Synchrony").  *Id*. ¶ 4.1.  Plaintiff incurred $881.36 in debt on the card.  *Id.* ¶ 4.7.

On or about June 28, 2019, plaintiff received a document in the mail purporting to be a "Summons" naming her as a defendant in an action filed by Synchrony Bank in Santa Clara County Superior Court.  *Id.* ¶ 4.3.  The summons does not specify a cause of action or a credit card account number.  Compl. Ex. A. ("Fake Summons"), ECF No. 1–1.  The attorneys of record for Synchrony were listed on the purported summons as Michael S. Hunt and Janalie Henriques of "Hunts [sic] & Henriques."  Compl. ¶ 4.4; H&H Statement of Undisputed Facts ("SUF") 3, ECF No. 13–3.  However, the case number on the summons does not correspond to any suit in Santa Clara Superior Court.  Sherill Decl. ¶ 4, ECF No. 13–2;  Apps Decl. ¶ 9 ECF No. 22–1.  The parties agree the summons is fake, thus the court's use of the moniker "Fake Summons" to identify it.

Following her receipt of the Fake Summons, plaintiff settled her debt to Synchrony on a payment plan through a debt settlement company.  Compl. ¶¶ 4.7–4.8.  On November 18, 2019, plaintiff filed this complaint alleging H&H violated the FDCPA and Rosenthal Act by fraudulently representing there was an action on the debt pending in Santa Clara Superior Court when there was no such case.  Compl. ¶¶ 5.1–6.7.

On April 30, 2020, the court held a scheduling conference by video teleconferencing and issued a Rule 16 scheduling order setting the close of fact discovery for August 8, 2020, as the parties proposed in their joint statement.  Sched. Min., ECF No. 15.  As

1  noted, H&H has moved for summary judgment and sanctions.  *See generally* MSJ; Mot.

2  Sanctions.

3      II.      LEGAL STANDARD

4          A court will grant summary judgment "if . . . there is no genuine dispute as to any

5  material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

6  The "threshold inquiry" is whether "there are any genuine factual issues that properly can be

7  resolved only by a finder of fact because they may reasonably be resolved in favor of either

8  party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

9          The moving party bears the initial burden of showing the district court "that there

10  is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*,

11  477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party, which "must establish

12  that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio*

13  *Corp.*, 475 U.S. 574, 585 (1986).  In carrying their burdens, both parties must "cit[e] to particular

14  parts of materials in the record . . .; or show [] that the materials cited do not establish the absence

15  or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

16  support the fact."  Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the

17  nonmoving party] must do more than simply show that there is some metaphysical doubt as to the

18  material facts").  Moreover, "the requirement is that there be no genuine issue of material fact. . . .

19  Only disputes over facts that might affect the outcome of the suit under the governing law will

20  properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 247–48 (emphasis in

21  original).

22          In deciding a motion for summary judgment, the court draws all inferences and

23  views all evidence in the light most favorable to the nonmoving party.  *Matsushita*, 475 U.S. at

24  587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).   "Where the record taken as a

25  whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

26  issue for trial.'"  *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv.*

27  *Co.*, 391 U.S. 253, 289 (1968)).

28  /////

1    A district court may not grant a motion for summary judgment solely because it is

2 unopposed. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Instead, the court must

3 determine whether the movant has satisfied "its burden of showing its entitlement to judgment."

4 *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994).

5    III.    <u>DISCUSSION</u>

6        a.    <u>Summary Judgment</u>

7    To prevail on her FDCPA claim, plaintiff must show (1) she is a consumer; (2) the

8 debt at issue arises from a transaction entered into for personal purposes; (3) defendant is a debt

9 collector within the meaning of 15 U.S.C. § 1692a(6); and (4) defendant violated one of the

10 provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *Alonso v. Blackstone Fin. Group, LLC*,

11 962 F. Supp. 2d 1188, 1193–94 (E.D. Cal. 2013) (citations omitted). Likewise, "[t]he Rosenthal

12 Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the

13 FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F. 3d 1097, 1100 (9th Cir.

14 2012). The FDCPA forbids the use of false, misleading or deceptive representations in

15 connection with the collection of a debt. 15 U.S.C. § 1692e(10). It also forbids the false

16 representation of the legal status of any debt. 15 U.S.C. § 1692e(2)(A). Moreover, the Rosenthal

17 Act prohibits any debt collector, creditor or attorney from sending a communication simulating

18 legal process that gives the impression it is authorized by a governmental agency when it is not.

19 Cal. Civ. Code § 1788.16.

20    Defendant's motion argues there is no evidence it was responsible in any way for

21 the Fake Summons. A partner in H&H, Donald Sherrill, testified Synchrony Bank is not and has

22 never been a client of H&H. SUF at 2; Sherrill Decl. ¶ 3. Sherrill avers H&H did not create,

23 authorize the production or service of or send the summons; indeed, it did not send any

24 communication at all to plaintiff. MSJ at 4 (citing SUF at 10; Sherrill Decl. ¶ 8). Instead,

25 defendant claims "H&H's name has been improperly used in some scam." *Id.*

26    Assuming, without deciding, that the Fake Summons would be violative of the

27 FDCPA, this unopposed declaration is sufficient to negate H&H's responsibility for such a

28 violation. Other elements aside, without responsibility for a violation, H&H cannot be held liable

4

1    under either the FDCPA or the Rosenthal Act.  Thus, defendant is entitled to judgment and the

2    court GRANTS its motion for summary judgment.

3              b.   Sanctions

4              H&H asserts plaintiff's counsel knew the complaint here was frivolous and

5    factually unsupported when filed, warranting sanctions.  Mot. for Sanctions.  H&H seeks fee

6    sanctions under Rule 11 as a result.  Rule 11 provides a court may impose sanctions where, after a

7    reasonable inquiry, a pleading, written motion or other paper's factual contentions do not "have

8    evidentiary support or, if specifically so identified, will likely have evidentiary support after a

9    reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b), (c).  The

10   Ninth Circuit has used the term "frivolous" in the context of sanctions as "a shorthand . . . to

11   denote a filing that is both baseless and made without a reasonable and competent inquiry."

12   *Townsend v. Holman Consulting Group*, 929 F.2d 1358, 1362 (9th Cir. 1990).  What constitutes a

13   "reasonable and competent inquiry" is judged using an objective standard in light of the

14   circumstances.  *Business Guides, Inc. v. Chromatic Comms. Enters., Inc.*, 498 U.S. 533, 552

15   (1991).  Rule 11 does not impose a continuing duty past the time an attorney signs a filing.

16   *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121 (9th Cir. 1991) ("[Rule 11] applies only to

17   the initial signing and imposes no continuing duty on the signer."); *see also Cunningham v. Cty.*

18   *of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988) (denying sanctions under Rule 11 for suit that

19   was not frivolous when filed but had no evidentiary support on later development).

20             H&H asserts, and its attorneys testify, that it repeatedly notified plaintiff's counsel

21   it was not responsible for the fake summons at issue.  Narita Decl. in Supp. Mot. Sanctions ¶ 2,

22   ECF No. 19-1; DiPiero Decl. in Supp. MSJ ¶¶ 2, 4, ECF No. 13-1.  However, H&H provided

23   plaintiff's counsel no evidence this was the case beyond bare assertions before plaintiff filed the

24   case here.  Plaintiff's counsel testified it was only upon receipt of H&H's summary judgment

25   reply that he received copies of H&H's letters to the state bar, Santa Clara County Superior Court

26   /////

27   /////

28   /////

1 and correspondence with other recipients of Fake Summonses in H&H's name.  Not. Withdrawal

2 of Opp'n at 3 ("Suppl. Apps Decl.").[2]

3          H&H has filed a notice of supplemental authority, namely an order granting a

4 motion for sanctions in a parallel case in which another Fake Summons was sent in H&H's name

5 to a debtor represented by plaintiff's counsel.  *Gallego v. Hunts & Henriques*, No. 19-cv-07596-

6 VC, 2020 U.S. Dist. LEXIS 170870, at *1 (Sept. 17, 2020).  In that case, the District Judge found

7 "[w]hen attorney Stanley Apps filed the complaint on [plaintiff]'s behalf in response to the fake

8 summons she received, the only plausible explanation was that some third party was circulating

9 fake summonses using H&H's name."  *Id.*  While the court cannot tell if there are factual

10 distinctions between this and the *Gallego* case, it finds the record here does not support such a

11 conclusion.

12          Assuming plaintiff actually received the Fake Summons attached to the complaint,

13 which is not contested by H&H, the existence of the Fake Summons alone could create the

14 reasonable inference that H&H was responsible.  Plaintiff's counsel knew H&H litigated

15 collections actions on behalf of similar financial entities, including entities that purchased or were

16 assigned interests in Synchrony accounts.  Apps Decl. in Supp. Opp'n to Summ. J. ¶ 3,

17 ECF No. 22-1.  Plaintiff had actually incurred debt with Synchrony and was induced to settle it by

18 the Fake Summons.  While the record is unclear regarding whether plaintiff's debt was acquired

19 by an H&H client, such an inference would not be unreasonable when crediting Mr. Apps'

20 uncontroverted testimony.  *See* MSJ Apps Decl. ¶ 3 ("I have worked on many collection cases

21 against Hunt and Henriques where they represent Portfolio Recovery Associates, LLC on files

22 that were purchased from Synchrony Bank and/or cases that were assigned to Portfolio Recovery

23 by Synchrony Bank.").  In light of this record, plaintiff's counsel's inference that one of H&H's

24 clients would stand to benefit from the Fake Summons and thus H&H would have a reason to

25 have it served would have had some support at the time of filing.  H&H told Mr. Apps it was not

26 /////

27

28 ───────────
[2] This declaration was not filed separately and is consolidated with the notice of withdrawal.

6

1   responsible, but never provided any extrinsic evidence for that assertion before plaintiff filed the

2   complaint.  Suppl. Apps Decl. ¶ 4.

3          Without supporting evidence H&H was not responsible, Mr. Apps had no

4   obligation to take H&H's representations it was not responsible at face value.  Furthermore, that a

5   state court clerk advised Mr. Apps the Fake Summons was part of a possible scam, i.e., not a real

6   case, is not relevant to whether H&H was responsible for it.  *See* Mot. Sanctions at 9.  On this

7   record, it does not appear the suit was objectively unreasonable at the time the complaint was

8   signed and filed.  H&H filed its motion for sanctions before any further filings in the case.  While

9   Mr. Apps may have failed to develop his suspicion through discovery, the court does not view

10  this as sanctionable misconduct under Rule 11 in light of his later withdrawal of opposition to the

11  motion for summary judgment.  While the court has authority under 28 U.S.C. § 1927 to sanction

12  counsel for abuses later in the litigation, H&H did not argue the failure to withdraw the suit as a

13  basis for sanctions under this provision.

14         The court DENIES defendant's motion for sanctions.

15  IV.    <u>CONCLUSION</u>

16         For the foregoing reasons, the court GRANTS Hunt & Henriques' motion for

17  summary judgment and DENIES Hunt & Henriques' motion for sanctions.  This order resolves

18  ECF Nos. 13 & 19.  The clerk is directed to CLOSE the case.

19         IT IS SO ORDERED

20  DATED:  October 5, 2020.

21                                          _____

                                            CHIEF UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28